**\*\*NOT FOR PRINTED PUBLICATION\*\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| MONICA Y PETERS-CLARK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 9:20-CV-00031-RC |
| ANGELINA COLLEGE, MICHAEL SIMON, CYNTHIA CASPARIS, | § § § § | |
| Defendants. | § § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Pending before the court is Defendants Angelina College, Cynthia Casparis, and Michael Simon's (collectively the "Defendants") *Motion to Dismiss for Failure to State a Claim*. Doc. No. 7. Judge Hawthorn issued a report that recommended granting Defendants' motion to dismiss in part. Doc. No. 14. Specifically, Judge Hawthorn recommends granting Defendants' motion to dismiss Plaintiff Monica Y. Peters-Clark's ("Peters-Clark") claims against Drs. Michael Simon and Cynthia Casparis in their individual and official capacities. Additionally, because Peters-Clark explicitly states that she does not intend to bring a Section 1981 claim against Defendants, Judge Hawthorn recommends granting Defendants' motion to dismiss with respect to her Section 1981 claim. Lastly, Judge Hawthorn recommends denying Defendants' motion to dismiss as to Peters-Clark's Title VII race discrimination and retaliation claims because these claims are not time-barred.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In the report and recommendation, Judge Hawthorn determined that Peters-Clark properly exhausted her Title VII race discrimination and retaliation claims and that these claims are not time-barred. Doc. No. 14 at 8-11. Defendants do not object to this determination. Instead, Defendants object to the portion of the report where Judge Hawthorn states that Peters-Clark alleged plausible Title VII claims. Doc. No. 15 at 2-3. Defendants object to this part of the report stating they never moved to dismiss on plausibility grounds. *Id.* While that is debatable,[1] Judge Hawthorn's plausibility analysis was merely a byproduct of his consideration of Defendants' motion to dismiss, including Peters-Clark's EEOC charge, filings, and pleadings. *See* Doc. No. 14 at 12-14. Of course dicta is not intended to pre-determine rulings on remaining claims.

Accordingly, after considering Defendants' objections, the court finds they are without merit and that Judge Hawthorn's findings and conclusions are correct.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 14) is **ACCEPTED** and Defendants' *Motion to Dismiss* (Doc. No. 7) is **GRANTED IN PART**.

---

[1] In Defendants' *Motion to Dismiss for Failure to State a Claim*, Defendants moved to dismiss Peters-Clark's claims based on Rule 12(b)(6) grounds alone. Doc. No. 7. Specifically, Defendants claim that because Peters-Clark's Title VII claims are time-barred, she is unable to establish any set of facts to support her claim for relief. *Id.* at 3, 5-6.

It is further **ORDERED** that Defendants' motion to dismiss with respect to Peters-Clark's Section 1981 claim is **GRANTED** and Peters-Clark's Section 1981 claim is **DISMISSED**.

It is further **ORDERED** that Defendants' motion to dismiss Peters-Clark's Title VII claims against Simon and Casparis in their individual and official capacities is **GRANTED** and these claims are **DISMISSED**.

It is further **ORDERED** that Defendants' motion to dismiss with respect to Peters-Clark's Title VII discrimination and retaliation claims is **DENIED**.

So ORDERED and SIGNED, Aug 15, 2020.

Ron Clark
Senior Judge